
Stanley G. Hilton, SBN 65990
2570 North First Street, Ste. 200
San Jose, CA 95131
Tel: (415) 786-4821
Fax: (650) 558-0806

Plaintiff In Pro Per

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| STANLEY G. HILTON,<br><br>    Plaintiff,<br><br>v.<br><br>WASHINGTON MUTUAL BANK, LONG BEACH MORTGAGE CO., A CALIFORNIA CORPORATION; FIRST AMERICAN TITLE COMPANY, A CALIFORNIA CORPORATION, APPRAISERS A AND B; AND DOES 1 THROUGH 500, INCLUSIVE,<br><br>    Defendants. | Case No.: 3:09-CV-01191-SI<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN IN OPPOSITION TO DEFENDANT FIRST AMERICAN TITLE COMPANY'S MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(b)(6)**<br><br>Date:        September 18, 2009<br>Time:        9:00 AM<br>Courtroom:  10, 19th Floor<br>Judge:       Susan Illston |

## I. INTRODUCTION

Defendant, First American Title Company, ("FAT") has filed a Motion to Dismiss Plaintiff's Second Amended Complaint ("SAC") only as against defendant, First American Title Company. Plaintiff opposes this motion and points out that in paragraph 8 of the SAC, he clearly indicates that he accuses FAT of being responsible for rushing him at the closing of the loan mortgage document signing, at their offices. They shoved hundreds of pages in his face and gave him a few minutes to sign them and thus prevented him from reading them. Plaintiff believes

that this paragraph, which is incorporated by reference into all of the SAC, is sufficient to state a claim against FAT. However, if the court feels that the SAC is too ambiguous to state a claim against FAT, plaintiff requests leave of court to file a Third Amended Complaint to make his allegations against FAT clearer. Plaintiff also is not currently an active member of the State Bar of California, but rather is on inactive status. Thus, the plaintiff also requests that this hearing be postponed for 90 days so he can find a lawyer to represent him, in this case.

## II. ARGUMENT

### A. ALL CAUSES OF ACTION AGAINST FAT ARE VALID

Plaintiff's SAC adequately pleads specific allegations to support any of his causes of action as against FAT. The court for a Rule 12(b)(6) motion must assume that all of plaintiff's allegations in the SAC are true and must draw all reasonable inferences in the plaintiff's favor. St. Clare v. Gilead Scis., Inc. (In re Gilead Scis. Sec. Litig.), 536 F. 3d 1049, 1055 (9th Cir.2008).

Defendants admit at page 5, lines 7-9 of their brief that plaintiff's SAC alleges that FAT fraudulently concealed the terms and conditions of the loans and fraudulently induced him to enter into the loan. Plaintiff accuses FAT of being an "agent" for the lenders, Washington Mutual ("WAMU") and Long Beach Mortgage Company ("LBM"). Plaintiff has complied with the "noticed pleadings" requirement of F.R.C.P. by clearly stating his allegation that FAT acted as the agent for WAMU and LBM in that FAT is the guilty party who presented the hundreds of pages of loan documents to plaintiff on behalf of WAMU and LBM and prevented him from reading them. Plaintiff accuses FAT of deliberately committing acts of treachery and fraud on behalf of WAMU and LBM in conspiracy with WAMU and LBM to fraudulently induce plaintiff to sign predatory lending documents without reading them. If the court feels that the allegations of paragraph 8 of the SAC are too vague to state a claim against FAT, plaintiff requests leave to amend the Complaint to give more details of what happened when FAT, acting as the agent for WAMU and LBM, committed acts of fraud and treachery against plaintiff. Plaintiff will allege that FAT had knowledge of the fact of fraud, i.e., that FAT intended to deceive plaintiff in

conspiracy with WAMU and LBM and that plaintiff relied on the actions of FAT. We believe that the SAC adequately alleges this but again we are willing to give more details if the court deems it necessary.

### B.   PLAINTIFF'S BREACH OF DUTY CLAIM IS ADEQUATE

Plaintiff's breach of duty causes of action, the second, third and fourth causes of action of the SAC, adequately state a claim against FAT for breach of duty. FAT had a duty to plaintiff, as a consumer, customer and borrower, to give plaintiff a fair opportunity to read the loan documents he was forced to sign, which loan documents constitute predatory and fraudulent lending by FAT's principals, WAMU and LBM. FAT breached this duty by shoving hundreds of documents in front of plaintiff and giving him a few minutes to sign them. Again, we ask leave to amend if the court feels the allegations in the SAC are too vague against defendant, FAT.

### C.   PLAINTIFF'S WRONGFUL FORECLOSURE CLAIM IS VALID AGAINST FAT

Plaintiff believes that defendant, FAT, is liable for wrongful foreclosure cause of action because it acted as the agent for the lenders, WAMU and LBM, and the lenders base their foreclosure action on documents which FAT forced plaintiff to sign. Thus, plaintiff accuses FAT of conspiracy with its principals, WAMU and LBM, and holds them liable for wrongful foreclosure.

### D.   PLAINTIFF'S SLANDER OF TITLE AND QUIET TITLE CLAIMS AGAINST FAT ARE VALID

Again, plaintiff's slander of title and quiet title causes of action against FAT are valid because FAT acted as the agent of the lenders, WAMU and LBM, in conspiracy and because WAMU's and LBM's action in slandering plaintiff's title were based on documents that FAT forced plaintiff to sign, in his office.

### E.   PLAINTIFF SHOULD BE GIVEN LEAVE TO AMEND.

Plaintiff should be given leave to amend the SAC if this court feels that plaintiff's

allegations against FAT are too vague as to any cause of action. Such amendment would not be "futile". Plaintiff will clearly allege that defendant, FAT, acted as the agent for the lenders, WAMU and LBM and will give more details as explained above.

### F. THE COURT SHOULD CONTINUE THIS HEARING FOR 90 DAYS TO LET PLAINTIFF FIND NEW COUNSEL TO REPRESENT HIM.

As explained above, plaintiff was placed on inactive status for the State Bar of California as of August 10, 2009. He needs to find counsel to represent him in this lawsuit and request the court to continue the hearing for at least 90 days, on this motion, so he can find counsel to represent him.

### III. CONCLUSION

For the foregoing reasons, the Motion to Dismiss of FAT should be denied. Leave to amend the SAC should be granted if the court finds any part of it ambiguous.

Dated: August 22, 2009        /s/ Stanley G. Hilton
                              Stanley G. Hilton, Plaintiff In Pro Per

Plaintiff's Opposition to Motion to Dismiss
Stanley G. Hilton v. Washington Mutual, et al.                                    4