IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY G. HILTON,<br><br>    Plaintiff,<br><br>   v.<br><br>WASHINGTON MUTUAL BANK, *et al.*,<br><br>    Defendants.<br>_____/ | No. C 09-1191 SI<br><br>**ORDER GRANTING FDIC'S MOTION FOR JUDGMENT ON THE PLEADINGS; GRANTING MOTIONS TO DISMISS FILED BY FIDELITY NATIONAL AND FIRST AMERICAN; DENYING LEAVE TO AMEND** |

Several motions are scheduled for a hearing on March 5, 2010. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matters are appropriate for resolution without oral argument, and VACATES the hearing. As set forth below, the Court GRANTS defendants' motions. The present complaint is the third amended complaint, and plaintiff has repeatedly failed to cure the deficiencies with the complaint. Accordingly, the Court DENIES any further leave to amend.

**BACKGROUND**

On January 16, 2008, plaintiff Stanley Hilton filed a complaint against Washington Mutual Bank ("WMB"), Long Beach Mortgage Company, Fidelity Title Company, First American Title Company, Appraisers A and B, and Does 1-500 in Case No. CGC-08-471131 in the San Francisco County Superior Court. Hilton alleges that defendants fraudulently induced him into signing mortgages on two properties located at 3589 21st Street, San Francisco and 670 Darrell Road, Hillsborough, California. The loan on the San Francisco property was $835,000.00 and the loan on the Hillsborough property was

approximately $970,000.00.[1] WMB or its subsidiary, Long Beach Mortgage Company ("Long Beach"), was the lender on both mortgages, Fidelity Title Company acted as the escrow agent for the San Francisco property, and First American Title Company was the escrow agent on the Hillsborough property. The Hillsborough transaction occurred on or about April 3, 2003, and the San Francisco transaction occurred on or about August 2006. SAC ¶ 8.

On January 18, 2008, the state court issued an Order to Show Cause and Temporary Restraining Order. The January 18, 2008 order restrained and enjoined defendants WMB and Long Beach from "issuing and recording with county records a 'Notice of Default' on the two loan numbers, 0729334821 and 744323360, and from foreclosing, selling, attempting to sell, or causing to be sold [the] properties described in the complaint on file either under the power of sale [] the deeds of trust or by foreclosure action, and enjoining defendants from engaging in any further collection action against plaintiff on these two mortgage loans." The January 18, 2008 order applies to defendants' "agents, officers, employees, partners, investors, successors, and representatives" as well as to "all persons acting in concert or participating with them." According to FDIC, the state court extended the January 18, 2008 order on several occasions and it remains in force today.

Plaintiff voluntarily amended the complaint on February 15, 2008, and after the court sustained demurrers by First National Title Company and First American Title Company, plaintiff filed the SAC on September 17, 2008. On September 25, 2008, the Office of Thrift Supervision ("OTS"), which regulates the operations of federally chartered savings associations, closed WMB and appointed FDIC as Receiver for WMB. Docket No. 70, Ex. A (OTS Order No. 2008-36). On November 21, 2008, FDIC-Receiver filed a notice in the state court, substituting itself for WMB, which the state court granted on February 26, 2009. On January 6, 2009, plaintiff filed an administrative claim with FDIC-Receiver in the mandatory administrative claims process set forth in the Financial Institutions Reform, Recovery and Enforcement Act of 1989, Pub. L. No. 101-73, 103 Stat. 183 (1989) ("FIRREA"). On

---

[1] Although the operative complaint is the third amended complaint, the TAC does not contain some of the information that was contained in the earlier complaints, and where that is the case, this order cites the SAC. Plaintiff's first and second amended complaints alleged the loan amounts. *See* SAC ¶ 19. Defendants' papers have stated slightly different numbers – $1,000,000 for the Hillsborough property, and $849,000 for the San Francisco property. The discrepancy between the alleged loan amounts and the amounts stated by defendants is immaterial to the issues decided in this order.

2

March 18, 2009, FDIC-Receiver removed the case to this Court. On May 15, 2009, the Court granted FDIC-Receiver's unopposed motion to stay this case until the earlier of July 5, 2009, or the date on which the Receiver made a determination on plaintiff's claim. By letter dated June 23, 2009, FDIC-Receiver informed plaintiff that his administrative claim was denied. After the stay expired, FDIC-Receiver filed a motion for judgment on the pleadings, and defendants First American Title Company and Fidelity National Title Company filed motions to dismiss.

By order filed October 28, 2009, the Court granted FDIC's motion for judgment on the pleadings, and granted the motions to dismiss the SAC. The Court dismissed a number of claims without leave to amend and provided plaintiff "one final opportunity to amend the complaint" with specific instructions regarding the claims for which plaintiff was granted leave to amend. On November 20, 2009, plaintiff filed a Third Amended Complaint ("TAC") against the same defendants, and also added the following new defendants: JPMorgan Chase Bank, Deutsche Bank National Trust, Mortgage Electronic Registration Systems, American International Group, the United States of America, and Does 6 through 999. The TAC is 59 pages, and alleges the following claims: (1) violation of the Real Estate Settlement Practices Act ("RESPA"), 12 U.S.C. § 2601 *et seq.*; (2) violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*; (3) violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*; (4) violation of the Home Ownership Equity Protection Act ("HOEPA"), 15 U.S.C. § 1639 *et seq.*, (5) violation of Cal. Fin. Code § 4970 *et seq.*[2]; (6) spoliation of evidence; (7) a *Bivens* claim for violation of constitutional rights; (8) violation of the California Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750 *et seq.*; (9) common law fraud; (10) breach of contract; (11) and declaratory relief.

The FDIC has again moved for judgment on the pleadings, and Fidelity and First American have moved to dismiss the TAC on numerous grounds. Based upon the docket, it does not appear that plaintiff has served the TAC on the new defendants.

**I.     FDIC's motion for judgment on the pleadings**

---

[2] In its motion, FDIC cites Cal. Fin. Code § 50000. However, the TAC only cites Cal. Fin. Code §§ 4970 and 4976.

3

With respect to FDIC's prior motion for judgment on the pleadings, the Court (1) rejected plaintiff's challenge to FDIC's standing and related contention that JPMorgan was the "true defendant" for plaintiff's claims arising out of the origination of the loans; (2) instructed that if plaintiff wished to add JPMorgan Chase Bank as a defendant he "must file a motion to amend, in which he must explain what claims he wishes to allege against JPMorgan" and noted that "[a]s discussed above,[3] in light of the Purchase and Assumption Agreement, plaintiff cannot maintain any claims against JPMorgan arising out of the origination of the loans"; (3) held that to the extent any of plaintiff's claims were based on oral misrepresentations, those claimed are barred by 12 U.S.C. § 1823(e); (4) found the state law claims were preempted by the Home Owners' Loan Act (HOLA) because they sought to apply California common law to regulate areas listed in 12 C.F.R. § 560.2, such as credit terms, disclosures about loan terms, mortgage insurance, and loan fees; and (5) dismissed without leave to amend plaintiff's claim for "civil contempt," and instructed plaintiff that if he was able to state a claim in an amended complaint, he could raise the issue of contempt of the January 18, 2008 order with the Court at a subsequent proceeding in this case.

The Court granted plaintiff leave to amend his claims against FDIC as follows:

> Although the Court is skeptical that plaintiff can allege timely federal claims, in light of plaintiff's *pro se* status[4] and because plaintiff has not yet alleged any federal claims, the Court will GRANT plaintiff leave to amend his claims against the FDIC-Receiver. Any federal claims shall be clearly and concisely alleged, and plaintiff shall (1) identify the statutes that he is suing under, (2) state the facts supporting each claim, and (3) explain how his claims are timely. To the extent plaintiff wishes to allege any state law claims, he may do so only if they "incidentally affect the lending operations of Federal savings associations." 12 C.F.R. § 560.2(c). In order words, plaintiff may not allege any state law claims against FDIC-Receiver that fall within the purview of HOLA preemption. Finally, for all claims alleged, plaintiff should be mindful of the arguments made by all defendants in this case as to why plaintiff's previous complaints have been deficient.

Order at 8:1-10.

FDIC moves for judgment on the pleadings on all of the claims alleged in the TAC. Before

---

[3] The November 20, 2009 order contained a detailed discussion of the Purchase and Assumption Agreement entered between FDIC-Receiver, the FDIC in its corporate capacity, and JPMorgan Chase Bank. Article 2.5 of that Agreement expressly provides that JPMorgan Chase Bank did not assume the potential liabilities of WMB associated with claims of borrowers. *See* November 20, 2009 order at 4:5-21; Docket No. 70, Ex. B.

[4] Plaintiff is an attorney and has been placed on inactive status by the State Bar. *See* Docket No. 47.

4

turning to the substance of the parties' contentions, the Court must address some of plaintiff's general assertions. First, plaintiff restates his previous argument that the FDIC lacks standing to bring the motion; for all of the reasons explained in the October 28, 2009 order, that argument lacks merit.

Second, and relatedly, plaintiff asserts that the FDIC is a "shadow player" and that the true, key defendants are JPMorgan Chase Bank and Deutsche Bank National Trust. Plaintiff argues that the Court should defer ruling on FDIC's motion until these defendants are served, and he requests that the Court treat his opposition as a motion to join necessary parties under Federal Rules of Civil Procedure 19 and 20. This is wholly improper. The Court explicitly instructed plaintiff that if he wished to add JPMorgan Chase Bank as a defendant, he needed to file a motion to amend the complaint explaining the nature of the claims he wished to pursue. Plaintiff did not do that. Instead, plaintiff simply added a number of new defendants – including AIG, Deutsche Bank, and the United States of America – without leave of court. Although plaintiff is *pro se*, he is also an attorney and presumably he has an understanding of the rules of civil procedure. This case has been pending since January 2008, and the Court finds no reason to delay this action further. If plaintiff wishes to pursue claims against any of the newly added and unserved defendants, he must file a separate lawsuit.

Third, plaintiff objects that FDIC's motion should be considered a motion for summary judgment because FDIC has introduced evidence outside the pleadings. However, the Court may consider the materials submitted by FDIC because those documents pertain to plaintiff's administrative claim against FDIC, and they are relevant to FDIC's argument that this Court lacks subject matter jurisdiction over certain of the newly-pled claims.[5]

**A.    RESPA**

Plaintiff alleges that defendants violated RESPA by making undisclosed kickbacks to each other,

---

[5] The parties dispute whether plaintiff has satisfied the administrative exhaustion requirement with regard to the claims alleged in the TAC. FDIC argues that plaintiff did not because plaintiff submitted the SAC in connection with his administrative claim, and thus only the claims contained in the SAC were exhausted. The parties do not address whether new claims "relate back" to exhausted claims, and the cases cited by FDIC address situations where a plaintiff did not go through the administrative process at all. The Court does not resolve this question because, even if the current claims were exhausted, they fail to state a claim.

5

inflating the costs of both mortgage loans, failing to provide a good faith estimate for all costs of the loans, failing to respond to plaintiff's "Qualified Written Requests," and requiring plaintiff to buy certain title insurance. Many of these allegations relate to the newly added defendants, JPMorgan Chase and Deutsche Bank, and for the reasons stated above, the Court will not address the claims as alleged against the new defendants. Plaintiff alleges violations of Sections 2605, 2608, 2608 and 2610 of RESPA, as well as 24 C.F.R. § 3500.17.

FDIC contends that plaintiff's claims under RESPA must be dismissed because (1) 12 U.S.C. §§ 2609, 2610 and 24 C.F.R. § 3500.17 do not provide for a private right of action, (2) the claims under 12 U.S.C. §§ 2607 and 2608 are time-barred, and (3) the claims under 12 U.S.C. § 2605(b)-(e) fail to state a claim as against FDIC-Receiver.

RESPA explicitly provides a private right of action for violations of Sections 2605, 2607 and 2608. *See* 12 U.S.C. §§ 2605, 2607, 2608; *see also* 12 U.S.C. § 2614 (providing statutes of limitations for claims brought under Sections 2605, 2607 and 2608). Numerous courts have held that because Congress expressly provided private remedies for those sections of the Act, there is no implied private right of action for other sections of RESPA that do not contain language explicitly recognizing a private remedy. *See State of Louisiana v. Litton Mortgage Co.*, 50 F.3d 1298, 1301 (5th Cir. 1995) (no private right of action under Section 2609); *Allison v. Liberty Sav.*, 695 F.2d 1086, 1091 (7th Cir. 1982) (same); *McAnaney v. Astoria Financial Corp.*, 357 F. Supp. 2d 578, 591 (E.D.N.Y. 2005) (no private right of action under Sections 2609 and 2610); *see also Hardy v. Regions Mortgage Inc.*, 449 F.3d 1357, 1360 (11th Cir. 2006) (no private right of action under 24 C.F.R. § 3500.17 because regulation promulgated under Section 2609 of RESPA); *Currey v. Homecomings Fin. LLC*, C 09-276 PJH, 2009 WL 1227010, at *6 (N.D. Cal. May 1, 2009) (no private right of action under Sections 2603 or 2604). The Court agrees with the reasoning of these courts, and holds that there is no private right of action under Sections 2609 or 2610, or under 24 C.F.R. § 3500.17. There is no support for plaintiff's argument that simply because RESPA is a federal statute, the Court possesses "inherent authority" to enforce it. Accordingly, plaintiff's claims under these sections are DISMISSED without leave to amend.

With regard to plaintiff's claims under Sections 2607 and 2608, FDIC contends that they are untimely. Contrary to plaintiff's assertion that these claims are governed by a three year statute of

limitations, actions must be brought within "1 year in the case of a violation of section 2607 or 2608 . . . from the date of the occurrence of the violation." 12 U.S.C. § 2614. Plaintiff alleges that defendants violated these sections by paying kickbacks to mortgage brokers and appraisers and by requiring plaintiff to buy title insurance from First American and Fidelity. These violations occurred at the latest in April 2003 and August 2006 when plaintiff's loans closed. Plaintiff argues that the statute of limitations should be equitably tolled because he did not discover the alleged RESPA violations until November 2009. However, neither the TAC nor plaintiff's opposition states any facts in support of equitable tolling. Plaintiff does not allege what happened in November 2009 that led him to discover the alleged RESPA violations or what prevented him from discovering these violations earlier. Plaintiff has had numerous opportunities to amend the complaint. The Court's October 28, 2009 order advised plaintiff that there were potential timeliness problems with his federal claims, and instructed plaintiff that he needed to explain how any new federal claims were timely. Plaintiff's conclusory allegations about equitable tolling are insufficient, and accordingly plaintiff's claims under Sections 2607 and 2608 are DISMISSED without leave to amend.

Finally, plaintiff alleges claims under Section 2605(b)-(d) of RESPA. Section 2605 relates to servicing of mortgage loans and disclosures that must be made relating to assignment, sale or transfer of loan servicing, and is governed by a three year statute of limitations. *See* 12 U.S.C. §§ 2605, 2614. The TAC alleges that "defendants" violated this section by failing to provide a timely response to plaintiff's "Qualified Written Requests" for information and "failing to provide a transfer of servicing statement and 60 day safe harbor." TAC ¶ 13. FDIC contends that plaintiff cannot state a Section 2605 claim against FDIC for a variety of reasons. For example, FDIC argues that Sections 2605(c) and (d), which detail the obligations of transferees of assets, are inapplicable to WMB, which served as the transferor, not the transferee. Section 2605(d) requires a transferor to provide notice to a borrower when the servicing of the loan is transferred. FDIC argues that this claim should be dismissed because plaintiff does not allege any actual damage resulting from any failure of notice. *See* 12 U.S.C. § 2605(f) (stating that individuals may recover actual damages that result from such failure); *Abdollahi v. Washington Mut., FA*, C 09-743 HRL, 2009 WL 1689656, at *3 (N.D. Cal. June 15, 2009) (dismissing § 2605 claim because plaintiff did not allege what actual damages suffered as a result of failure of

7

notice).

In response, plaintiff acknowledges that FDIC may not be a proper defendant to the Section 2605 claim, and that instead plaintiff wishes to pursue this claim against JPMorgan Chase, Deutsche Bank, and the other new defendants. Whether plaintiff can pursue a Section 2605 claim against other defendants has no bearing on whether he can state a claim against FDIC. Moreover, for all of the reasons stated above, plaintiff may not add a host of new defendants at this late juncture, and in this manner. Plaintiff's claims are DISMISSED without leave to amend.

### B. FDCPA

Plaintiff alleges that WMB, Long Beach, JPMorgan Chase and Deutsche Bank violated the FDCPA in the process of collecting on plaintiff's two mortgages. FDIC contends that the claim should be dismissed because the FDCPA only applies to "debt collectors," and creditors are generally not considered "debt collectors" under the statute. *See* 15 U.S.C. § 1692a(6)(F). FDIC is correct, and plaintiff does not allege any facts suggesting that the FDCPA would apply here. Accordingly, the Court DISMISSES this claim without leave to amend.

### C. TILA

FDIC moves to dismiss this claim on several grounds. First, FDIC contends plaintiff's claims for rescission are barred by the three year statute of limitations. *See* 15 U.S.C. § 1635(f); 12 C.F.R. § 226.2(a)(13). The loans were executed in April 2003 and August 2006, and the TILA rescission claims were not alleged until November 2009. Plaintiff argues that the claims should be equitably tolled. However, the Court lacks jurisdiction over untimely TILA rescission claims, and thus lacks the authority to equitably toll such claims. *See Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1164 (9th Cir. 2002) ("[Section] 1635(f) is a statute of repose, depriving the courts of subject matter jurisdiction when a § 1635 claim is brought outside the three-year limitation.").[6]

---

[6] FDIC also argues that even if the rescission claims were timely, plaintiff has failed to allege a necessary element of these claims, namely an ability to tender the principal of the loans, minus appropriate interest and fees. *See* 15 U.S.C. § 1635(b); 12 C.F.R. § 226.23(d); *Yamamoto v. Bank of*

8

Second, FDIC contends that plaintiff's claim for damages under TILA is barred by the one year statute of limitations applicable to such claims. *See* 15 U.S.C. § 1640(e). A TILA violation occurs at the time the loan documents are signed, *Meyer v. Ameriquest Mortgage Co.*, 342 F.3d 889, 902 (9th Cir. 2003), and thus plaintiff's damages claim is untimely. Plaintiff alleges that the statute of limitations should be equitably tolled because of defendants' fraudulent concealment, and alleges that plaintiff did not discover the wrongdoing until October 12, 2009. TAC ¶ 24. While the Court does have authority to equitably toll TILA damages claims, the complaint does not specify how plaintiff discovered the wrongdoing, nor does the TAC contain any allegations about *how* defendants engaged in fraudulent concealment. The Court previously instructed plaintiff to state all facts in support of each claim, and to explain why claims are timely. These bare allegations are insufficient to show a basis for equitable tolling, and the Court DISMISSES this claim without leave to amend.

### D. HOEPA

Plaintiff alleges that WMB, in conjunction with Fidelity and First American, violated HOEPA during the origination of the two loans. Claims for damages under HOEPA are subject to the same one year statute of limitations governing TILA damages claims. *See* 15 U.S.C. § 1640(e); *Mendoza v. Countrywide Home Loans, Inc.*, C 09-3648 SC, 2009 WL 4706350, at *9 (N.D. Cal. Dec. 3, 2009). For the reasons stated above, plaintiff's claim is untimely and is DISMISSED without leave to amend.

### E. Spoliation of evidence

Plaintiff alleges that on or about October 12, 2009, he discovered "some fraudulently concealed spoliation of evidence by [all defendants] which consisted of these defendants' fraudulent destruction of evidence proving who had title to the two loans and to whom the loans had been assigned, when the loans were assigned, who the assignor and assignee were etc." TAC ¶ 42.

FDIC contends that plaintiff cannot state a claim as a matter of law because the California Supreme Court has held that "there is no tort remedy for the intentional spoliation of evidence by a party

---

*N.Y.*, 329 F.3d 1167, 1171-72 (9th Cir. 2003). Plaintiff's opposition does not respond to this argument. Because the claims are untimely, the Court does not address this contention.

to the cause of action to which the spoliated evidence is relevant, in cases in which, as here, the spoliation victim knows or should have known of the alleged spoliation before the trial or other decision on the merits of the underlying action." *Cedars-Sinai Med. Ctr. v. Superior Court*, 18 Cal. 4th 1, 17-18 (1998). The Court agrees that because the alleged spoliation relates to this case, as a matter of law plaintiff cannot state a claim, and thus the claim is DISMISSED without leave to amend.

### F. *Bivens* claim

Plaintiff alleges a violation of his constitutional rights based on *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). Plaintiff alleges that the FDIC and the United States of America violated his constitutional rights to due process, equal protection, and his right to be free from unconstitutional "takings" of his property. TAC ¶ 48. FDIC correctly contends this claim fails as a matter of law because a *Bivens* action cannot be brought against a federal agency. *See FDIC v. Meyer*, 510 U.S. 471, 486 (1994); *Ibrahim v. Dep't of Homeland Sec.*, 538 F.3d 1250, 1257 (9th Cir. 2008). Accordingly, this claim is DISMISSED without leave to amend.

### G. State law claims

As in the previous complaints, plaintiff alleges claims for breach of contract and fraud. Plaintiff also has added two new statutory claims, Count Five for violation of Cal. Fin. Code § 4970 *et seq.*, and Count Eight for violation of the California Consumer Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.* The FDIC moves to dismiss these claims on numerous grounds. The FDIC primarily contends that plaintiff's "repackaged" state law claims are still preempted by HOLA.

The Court concludes that plaintiff has not stated a claim under state law, and these claims are DISMISSED without leave to amend. Plaintiff's breach of contract and fraud claims fail for the reasons stated in the previous order: they are preempted by HOLA, and to the extent they are based on alleged oral misrepresentations, they are barred by 12 U.S.C. § 1823(e).

The TAC alleges the new claim that defendants failed to comply with the disclosure requirements of California Financial Code § 4970 *et seq.* That statute only applies to "covered loans," which under § 4970 "means a consumer loan in which the original principal balance of the loan does

not exceed the most current conforming loan limit for a single-family first mortgage loan established by [Fannie Mae] in the case of a mortgage or deed of trust . . ." Cal. Fin. Code § 4970. The TAC does not allege that the loans at issue were "covered loans" under § 4970. Leave to amend this claim would be futile because the 2003 maximum conforming loan limit for a single-family mortgage purchased by Fannie Mae was $322,700, and the 2006 limit was $417,000. *See* www.efanniemae.com/sf/refmaterials/loanlimits/.[7] Both of plaintiff's loans exceed these limits, and therefore plaintiff's loans are not "covered loans" under the statute. *See Currey*, 2009 WL 1227010, at * 5 (dismissing claim under Cal. Fin. Code § 4970 because loan at issue exceeded Fannie Mae maximum conforming loan limit and therefore was not a "covered loan").

Finally, plaintiff's claim under the CLRA is deficient for numerous reasons. The CLRA proscribes 24 specific "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer." Cal. Civ. Code § 1770. Even assuming the CLRA applies to mortgage loans, to the extent the TAC contains specific allegations under the CLRA claim, those claims are preempted by HOLA for the reasons explained in the previous order. For example, the TAC alleges that "defendants" engaged in false advertising and made misrepresentations about loan terms; both of those areas are listed in § 560.2(b). Moreover, even if these areas were not preempted, the CLRA claim does not meet basic pleading standards in that the complaint generally alleges that "defendants" engaged in various types of general misconduct, without specifying which defendants did which bad act. For all of these reasons, and because plaintiff has been given numerous opportunities to correct the complaint, the Court concludes further leave to amend would be futile.

### H. Declaratory relief

Because plaintiff's other claims have been dismissed, plaintiff's derivative declaratory relief claim is also DISMISSED.

---

[7] The historical loan limits are found at a link at the bottom of the webpage, "Historical Fannie Mae Loan Limits."

11

## II. Motions by Fidelity National Title Company and First American Title Company

Fidelity National Title Company and First American Title Company have both moved to dismiss the TAC. Fidelity and First American, which are both escrow companies, raise similar contentions and thus the Court analyzes both motions together. In the SAC, plaintiff alleged numerous state law claims against Fidelity and First American. With two exceptions, the Court dismissed all claims without leave to amend. The Court granted plaintiff leave to amend his claims for fraud and breach of fiduciary duty. With respect to the fraud claims, the Court stated: "In order to state a claim against these defendants, plaintiff must be able to truthfully and specifically allege (1) each defendant's role in the alleged fraud, and (2) what misrepresentations and concealments were made by defendants. It is not enough to simply allege that the title companies 'rushed' plaintiff when he signed the loan documents, and that defendants 'conspired' with WMB and Long Beach." October 28, 2009 Order at 11:3-8.

The TAC alleges amended fraud claims against Fidelity and First American, as well as new claims under RESPA, FDCPA, TILA, HOEPA, CRMLA, CRLA, and spoliation of evidence. Plaintiff did not amend the breach of fiduciary duty claim. Defendants contend that plaintiff has failed to cure the problems with the fraud claims, and that plaintiff did not request or receive leave to add the new federal and state claims.

The Court agrees that plaintiff's fraud claims are still not plead with particularity, and thus are DISMISSED without leave to amend. As with the previous complaints, the gravamen of plaintiff's fraud claims against Fidelity and First American appears to be that these defendants "rushed" plaintiff to sign the loan documents. The TAC groups all defendants together and alleges that "numerous officials" made misrepresentations about the terms of the mortgages. The TAC does not identify who made the alleged misrepresentations, nor does it specify – aside from generally alleging that Fidelity and First American "participated" in the fraud and "rushed" plaintiff – what role Fidelity and First American played in the alleged fraud. Plaintiff has had numerous opportunities to amend these claims and has failed to correct the problems.

With regard to the new claims plaintiff has alleged against Fidelity and First American, the Court agrees with defendants that plaintiff did not have leave of Court to allege these claims, and these claims are DISMISSED without leave to amend. Further, for all of the reasons stated above, these claims are

12

defective because they are either untimely, there is no private right of action, the complaint does not allege the elements of the claims, or there is simply no claim as a matter of law (e.g, the spoliation claim).

## CONCLUSION

For the reasons stated above, the Court GRANTS the motions to dismiss the complaint without leave to amend. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: March 1, 2010

SUSAN ILLSTON
United States District Judge